# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-82V
### Filed: June 15, 2017
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| D.J., | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; |
| v. | * | Influenza (Flu) Vaccine; |
| | * | Guillain-Barre Syndrome (GBS); |
| SECRETARY OF HEALTH | * | Special Processing Unit (SPU) |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Nancy Meyers, Ward Black Law, Greensboro, NC, for petitioner.*
*Michael Milmoe, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On January 14, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barre Syndrome ("GBS") after receiving the influenza ("flu") vaccine on November 7, 2013. Petition at 1, ¶ 3, 11. Petitioner further alleged that he received the vaccination in the United States, has suffered the residual effects of his injury for more than six months, and has not filed any action or received compensation for his injuries alleged as vaccine caused. *Id.* at ¶¶ 3, 11, 13-14. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On March 13, 2017, the parties informed the court they had reached a tentative settlement agreement and a 15-Week Order was issued. (ECF No. 34). On June 7, 2017, respondent's counsel requested a status conference with the OSM staff attorney

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

substituting for the staff attorney managing this case.  *See* Informal Remark, dated June 7, 2017.  During the call held later that same day, respondent's counsel stated that respondent would not contest entitlement in this case and that he wished to file a Rule 4(c) Report.

On June 13, 2017, respondent filed his Rule 4(c) Report stating that he "does not contest entitlement in this matter."  Respondent's Rule 4(c) Report at 1.  Respondent stated that "[i]t is [his] position that petitioner has satisfied the criteria set forth in the newly revised Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI")."  *Id.* at 3.  "Although the revised Table only governs petitions filed on or after the effective date of the final rule [March 21, 2017], the evidence shows that petitioner suffered GBS following the administration of a seasonal flu vaccine, and that the onset occurred within the time period specified in the Table."  *Id.*  Because petitioner would be entitled to "a presumption of causation under the revised Table" if he simply re-filed his petition, respondent "will not contest entitlement to compensation."  *Id.* (citation omitted).

**Based on the evidence before me in this case, I find petitioner entitled to vaccine injury compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master